UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL JON BUSH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00502-JPH-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Michael Bush, an inmate at the United States Penitentiary in Terre Haute,

Indiana, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging

the enhancement of his sentence under the career offender provisions of the Sentencing Guidelines.

For the reasons that follow, Mr. Bush's petition must be denied.

### I. Factual and Procedural Background

In August 2013, Mr. Bush was charged in the Northern District of Iowa with one count of

conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount

of methamphetamine or 5 grams or more of actual (pure) methamphetamine after having been

convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and

851 (count one); and possession of a firearm in furtherance of a drug trafficking crime, in violation

of 18 U.S.C. § 924(c)(1)(A) (count two). *United States v. Bush*, 3:13-cr-03027-LRR-CJW-1

("Crim. Dkt.") dkt. 2. In January 2014, at a change of plea hearing, Mr. Bush pleaded guilty to

both counts of the indictment. Crim. Dkt. 19.

1

A presentence report ("PSR") was prepared for sentencing, using the 2013 guidelines manual. Dkt. 12, ¶ 14. The base offense level for count one was 34, pursuant to U.S.S.G. § 2D1.1(c)(3), because Mr. Bush was accountable for 6,805 kilograms of marijuana equivalent. *Id.*, ¶ 16. Two additional levels for obstruction of justice, pursuant to U.S.S.G. § 3C1.2, resulted in an adjusted offense level of 36. *Id.*, ¶¶ 20, 21.

According to the PSR, Mr. Bush was found to be a career offender under the Sentencing Guidelines. *Id.*, ¶ 22. Mr. Bush's prior convictions included:

> 1. 2001 Attempted Burglary, 2nd Degree; Cerro Gordo County, Iowa, Docket No. FECR 009143. [*Id.*, ¶ 34.]
>
> 2. 2006 Possession With Intent to Deliver Controlled Substance; Worth County, Iowa, Docket No. FECR007477. [*Id.*, ¶44.]
>
> 3. 2011 Eluding; Cerro Gordo County, Iowa, Docket No. AGCR019695. [*Id.*, ¶ 49.]

The career offender enhancement increased Mr. Bush's total offense level to 37, pursuant to U.S.S.G. § 4B1.1. *Id.*, ¶ 22. Three levels were subtracted for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), resulting in a total offense level of 34. *Id.*, ¶¶ 23-25.

The statutory term of imprisonment for count one was a minimum term of 10 years and a maximum term of life, pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. *Id.*, ¶ 96. The minimum term of imprisonment for count two was a term of five years and a maximum term of life, pursuant to 18 U.S.C. § 924(c)(1)(A), to be served consecutively to the term of imprisonment imposed on count one. *Id*.

Mr. Bush's criminal history category was VI. *Id.*, ¶ 57. Thus, his advisory guideline imprisonment range was 262 to 327 months. *Id.*, ¶ 97. However, because Mr. Bush qualified as a career offender and was convicted for violating 18 U.S.C. § 924(c), the advisory guideline range became 322 to 387 months in prison, pursuant to U.S.S.G. §§ 4B1.1(c)(2)(A) and 5G1.2(e). *Id*.

2

Mr. Bush was sentenced to serve 262 months in prison for his conviction on count one. He also received a 60-month term of imprisonment on count two, to be served consecutively to the term imposed on count one. Crim. Dkt. 49.

On direct appeal, Mr. Bush argued that the district court erred in holding that he was a career offender because his convictions for eluding a law enforcement officer and attempted burglary did not constitute crimes of violence. *United States v. Bush,* 583 F.App'x 583 (8th Cir. 2014). Mr. Bush conceded that his prior felony drug conviction qualified for purposes of the career offender calculation. *Id*. at 584. Relying on *United States v. Clay,* 622 F.3d 892 (8th Cir. 2010), the Eighth Circuit held that Mr. Bush's eluding conviction was a crime of violence. *Id.* The court concluded that because Mr. Bush's eluding conviction constituted his second predicate felony conviction for purposes of § 4B1.1, the Court did not need to address whether Mr. Bush's attempted burglary conviction constituted a crime of violence. *Id*. The Eighth Circuit affirmed Mr. Bush's convictions and sentence. *Id*.

On March 29, 2016, Mr. Bush filed a motion to vacate under 28 U.S.C. § 2255. *Bush v. United States,* Northern District of Iowa, Cause No. 3:16-cv-03019-LRR-CJW, ("Civ. Dkt."), dkt. 1. He raised the following issues: (1) trial counsel was ineffective for failing to address his competency to enter guilty pleas; (2) trial counsel was ineffective for failing to seek a downward departure based upon U.S.S.G. § 5K2.13; and (3) pursuant to *Johnson v. United States*, 576 U.S. 591 (2015), he is not a career offender because his prior convictions for eluding a law enforcement officer and attempted burglary do not qualify as predicate offenses for the purpose of calculating his career offender status. *Id*.

The district court denied Mr. Bush's § 2255 motion. Civ. Dkt. 3. As to his challenge of his career offender status, the court relied on the Supreme Court's decision in *Beckles v. United States*,

3

137 S. Ct. 886 (2016), which held that the career offender guidelines are not subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause. *Id*. Mr. Bush did not appeal.

### III. Discussion

Mr. Bush now seeks relief pursuant to § 2241. Mr. Bush argues that under *United States v. Davis*, 139 S. Ct. 2319 (2019), he is not a career offender because his prior Iowa convictions for eluding the pursuit of a law enforcement officer and attempted burglary do not qualify as predicate offenses pursuant to U.S.S.G. § 4B1.1.

### A. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013);

*Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1] Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

**B. Mr. Bush's Claim**

Mr. Bush argues that he is entitled to relief because he should not have been subject to the career offender enhancement. However, the Seventh Circuit has held that a defendant who claims he was wrongly treated as a career offender under the advisory Sentencing Guidelines cannot raise this alleged error in a collateral attack. *Hanson v. United States*, 941 F.3d 874, 877 (7th Cir. 2019) ("A change in the law revoking the status under the now-advisory [Sentencing] Guidelines . . . is

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

[2] The respondent argues that statutory claims are not cognizable under §§ 2241 and 2255(e) but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

not cognizable upon collateral review."); *Hawkins v. United States*, 706 F.3d 824-25 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). This is because a guideline miscalculation or misapplication does not constitute a miscarriage of justice sufficient to satisfy the third *Davenport* factor. *See United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

Thus, "[t]here are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim." *Pierce v. True*, No. 17-CV-696-DRH-CJP, 2018 WL 339255, at *2 (S.D. Ill. Jan. 9, 2018) (citing *Hawkins*, 706 F.3d at 820). Since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines have been advisory and not mandatory. *See Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Mr. Bush was sentenced after *Booker* was decided. Therefore, he cannot demonstrate a miscarriage of justice based on the alleged miscalculation of his advisory Sentencing Guidelines as to permit a § 2241 petition.

### III. Conclusion

For the foregoing reasons, Mr. Bush's petition for a writ of habeas corpus is denied. Judgment dismissing this action with prejudice shall now issue.

**SO ORDERED.**

Date: 7/20/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

MICHAEL JON BUSH
13312-029
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov